UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT R. RAU,

        Petitioner,

v.                                       Case No. 5:04-cv-210-Oc-10GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS, et al.,

        Respondents.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Respondents filed a response to the Petition (Doc. 22), to which the Petitioner has replied (Doc. 24). Accordingly, this case is ripe for review.

### **Conviction and Sentence**[1]

Petitioner was initially arrested in Citrus County, Florida in 1999 on two counts of acquiring a controlled substance by fraud. Petitioner was represented by counsel and pled guilty to the charges. As part of the plea agreement, the Court withheld adjudication and sentence pending Petitioner's successful completion of the Drug Court Program.

In 2001, Petitioner was rearrested and charged with two new counts of acquiring a controlled substance by fraud. Petitioner was represented by the same

---

[1] See Petitioner's Brief in Support of Habeas Corpus (Doc. 2) at 1.

counsel and again pled guilty. As a part of the plea agreement, the Court withheld adjudication and sentence on both the 1999 and 2001 cases pending Petitioner's successful completion of the Drug Court Program.

Petitioner subsequently violated the conditions of the Drug Court Program by failing to appear and was arrested on January 8, 2002, on an outstanding warrant for both the 1999 and 2001 charges. Petitioner appeared for arraignment on January 30, 2002, at which time he was unrepresented by counsel. The trial judge asked Petitioner if he wanted an attorney, to which Petitioner replied that he "just wanted to get it over with." The Court accepted this statement as a waiver of counsel and proceeded with a violation hearing. The Court found Petitioner guilty of violating the conditions of the Drug Court Program and sentenced him to concurrent five year prison terms on the 1999 and 2001 counts.

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[2]

## Claims of Petition

In the Petition, the Petitioner claims the following grounds for relief:

(1) his sentence is unconstitutional because the trial court erred in denying petitioner representation of counsel at his plea/sentencing hearing held on January 30, 2002;

---

[2] Response (Doc. 22) at 3-4.

(2) that his sentence is illegal because he was not represented by counsel at his January 30, 2002 plea/sentencing hearing and a knowing and intelligent waiver of counsel was never procured; and,

(3) that he was denied his right to due process when the trial court denied his Rule 3.800 motion to correct illegal sentence as successive when Petitioner had never before challenged the "legality" of his sentence.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[3] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[4] Petitioners' pro se status does not alone amount to good cause.[5]

A petition for writ of habeas corpus should not be entertained unless the

---

[3] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[4] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[5] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.) cert. denied, 498 U.S. 832 (1990).

Petitioner has first exhausted his state remedies.[6] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[7] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[8] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits. Id. A full and fair opportunity involves the proper presentation,[9] and substance of, the federal constitutional claim.[10] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[11]

Respondents urge this Court to find that grounds one and two of the instant petition are procedurally defaulted. In the alternative, the Respondents argue that all of Petitioner's claims are without merit and should be denied.

## Procedural History

A review of the record in state court shows that Petitioner did not seek direct

---

[6] Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, *reh'g denied*, 490 U.S. 1076 (1989).

[7] Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513 (1971).

[8] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[9] Castille at 351.

[10] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[11] Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, *reh'g denied*, 501 U.S. 1277 (1991).

review of his sentence.[12]  However, on September 11, 2002, Petitioner executed a motion for post conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.[13]  In that motion, Petitioner alleged that the trial court committed fundamental error by failing to appoint counsel to represent him at his January 30, 2002 sentencing hearing.  Id.  In support of his position, Petitioner argued that the trial court did not conduct a proper Faretta hearing under Rule 3.111(d) of the Florida Rules of Criminal Procedure.[14]  Id.  Petitioner's Rule 3.850 motion was denied by the trial court.[15]  In denying the motion, the trial court found that Petitioner's claim that he was unrepresented at sentencing was clearly refuted by the record and attached portions of the Petitioner's original plea hearing held on July 18, 2001.

Petitioner appealed the denial of his Rule 3.850 motion to the Fifth District Court of Appeal.[16]  In his initial brief, Petitioner argued that the trial court erroneously utilized the original plea transcript of July 18, 2001, in refuting Petitioner's claim that he was unrepresented by counsel at his violation of probation sentencing held on January 30, 2002.  Id at 5.  Additionally, Petitioner argued that even if his comments at the January 30, 2002, sentencing hearing could be construed as a waiver of

---

[12] Petition at 3; Appendix (Doc. 15) (hereinafter App.), *generally*.

[13] App. at Ex. C.

[14] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975) (a criminal defendant has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so).  A "Faretta hearing" is conducted to ensure that the defendant is voluntarily and intelligently waiving the right to be represented by counsel.

[15] App. at Ex. F.

[16] App. at Ex. G.

counsel, the trial court erred in not conducting a proper <u>Faretta</u> hearing as required by Fla.R.Crim.P. 3.111(d). <u>Id</u> at 6.  The Fifth Circuit Court of Appeal affirmed the denial of Petitioner's Rule 3.850 motion, citing <u>Moore v. State</u>, 820 So.2d 199 (Fla. 2002).[17]  A petitioner's subsequent Motion for Rehearing/Request for Written Opinion[18] and Motion to Clarify Decision and Withdraw Mandate[19] were both denied.[20]

On September 8, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure.[21]  In that motion, Petitioner alleged that because his sentence was entered without representation and proper waiver, his sentence was illegal.  The trial court summarily denied Petitioner's Rule 3.800 motion as successive,[22] and that decision was affirmed on appeal.[23]

## **Discussion**

Pursuant to Florida law, a claim that "is based on information which was contained in the original record of the case . . . must be raised on direct appeal."[24]

---

[17] App. at Ex. J.  Because <u>Moore</u> is otherwise not on point with the issues raised in Petitioner's Rule 3.850 motion, this Court can only assume that the Appeals Court was citing to the Florida Supreme Court's recognition in <u>Moore</u> that issues not raised on direct appeal are procedurally barred.  See <u>Moore</u> at 203 n. 4; 208 n. 10; and 210 n. 12.

[18] App. at Ex. K.

[19] App. at Ex. M.

[20] App. at Ex. L & N.

[21] App. at Ex. P.

[22] App. at Ex. Q.  Specifically, the trial court found that it had already addressed this issue in Petitioner's Rule 3.850 motion, the denial of which was upheld on appeal.  Because Petitioner raised no additional claims, the trial court found Petitioner's Rule 3.800 successive of his Rule 3.850 motion.

[23] App. at Ex. T.

[24] <u>Lambrix v. State</u>, 559 So.2d 1137, 1138 (FLA. 1990).

6

Claims that should have been raised at trial, and if properly preserved, on direct appeal, are not cognizable on collateral review.  Fla.R.Crim.P. 3.850(c).

## Grounds One and Two

In ground one, Petitioner alleges that his sentence is *unconstitutional* because the trial court erred when it allowed the January 30, 2002 sentencing hearing to proceed without first conducting a Faretta hearing to determine if Petitioner had knowingly and intelligently waived the right to counsel.  In ground two, Petitioner alleges that his sentence is *illegal* because the trial court erred in allowing the January 30, 2002 sentencing hearing to proceed without first procuring a knowing and intelligent waiver of counsel.

As previously noted by this Court,[25] although worded differently, Petitioner essentially makes the same argument in both grounds.[26]  Moreover, Petitioner was clearly aware of these issues at the time he was sentenced and these claims should have been raised on direct appeal.[27]  Although neither the trial nor state appellate court specifically found these issues procedurally defaulted, the appellate court cited to an opinion that, in several instances, recognized that claims which should have been raised on direct appeal are procedurally barred on collateral

---

[25] See Doc. 21 at 1.

[26] Simply changing the word "unconstitutional" to "illegal" does not a new ground make.  The substance of Petitioner's argument is still that the trial court erred when it allowed the January 30, 2002 proceeding to continue without first conducting a Faretta hearing to determine whether Petitioner knowingly and intelligently waived the right to counsel.

[27] Hix v. State, 881 So.2d 586 (Fla. 5th DCA 2004) (the alleged failure to conduct a Faretta hearing should be raised on direct appeal and the failure to do so bars consideration of the claim on collateral review).

review. Therefore, the last state court to consider Petitioner's claims found that Petitioner failed to raise his claims in state court in a procedurally correct manner.[28]

Accordingly, Petitioner is now barred from pursuing grounds one and two on federal habeas review unless he can make a showing of cause and actual prejudice for his procedural default.[29] Because Petitioner does not allege, much less establish, cause and prejudice for his default, grounds one and two are due to be denied.[30] Alternately, Petitioner's claims are without merit as they are clearly refuted by the state court record.

"The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres."[31] A waiver of the right to counsel in such instances must be a knowing and intelligent act "done with sufficient awareness of the relevant circumstances." Id quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463 (1970). Therefore, when accepting a guilty plea from an uncounseled defendant, the Sixth Amendment is satisfied when the court "informs the accused of the nature of the charges against him, of his right to

---

[28] The Court may presume that had the appellate court issued a written opinion, it would have applied the state procedural rule and dismissed Petitioner's claims as procedurally defaulted, rather than reach a ruling on the merits. See Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993).

[29] See Parker v. Sec'y for the Dept. of Corr., 331 F.3d 764, 770 (11th Cir. 2003), cert. denied, 540 U.S. 1222 (2004); Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).

[30] The state court also found Petitioner's grounds one and two to be the same issue when it concluded that Petitioner's Rule 3.800 motion was successive to his Rule 3.850 motion. Additionally, the Court notes that whether the state court failed to conduct a proper Faretta hearing pursuant to Fla.R.Crim.P. 3.111 is a matter of state law and is not cognizable on federal habeas review. Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) (a state's interpretation of its own laws does not provide a basis for federal habeas relief).

[31] Iowa v. Tovar, 541 U.S. 77, 81, 124 S.Ct. 1379, 1383 (2004) (citations omitted).

be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id.

Upon a review of the transcripts of the January 30, 2002 hearing,[32] it is clear that the trial judge informed Petitioner of his right to counsel, of the nature of the charges against him, and of the range of allowable punishments.  Moreover, after additional questions regarding Petitioner's education, work experience and whether he was under the influence of drugs or alcohol, the Court found Petitioner to be educated and very competent.  Id at 12-23.  Thus, there was no Sixth Amendment violation and grounds one and two are due to be denied on the merits.

## Ground Three

To the extent that the Petitioner argues that the trial court erred in finding that his Rule 3.800 motion was successive to his Rule 3.850 motion, such an argument is not cognizable on federal habeas review because it would clearly require the Court to review the state's interpretation of its own law.  As previously noted, such a review is inappropriate.[33]  In addition, because Petitioner challenges the process afforded him during his Rule 3.800 proceedings, rather than the cause of his detention, Petitioner fails to state a basis for habeas relief.[34]

---

[32] Supplemental Appendix (Doc. 23) (hereinafter Supp.App.), Ex. X at 3-12.

[33] See Carrizales, supra.

[34] Quince v. Crosby, 360 F.3d 1259, 1261-1262 (11th Cir. 2004) citing Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (finding that claims unrelated to the cause of detention do not state a basis for federal habeas relief).  See also Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) (alleged errors in the state post conviction review process is not addressable on federal habeas); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (attacks on state post conviction proceedings is unrelated to a Petitioner's detention and does not entitle a petitioner to federal habeas relief).

## Conclusion

As set forth in this Order, grounds one and two in the instant Petition are procedurally defaulted, and alternately, without merit. Moreover, ground three is not cognizable on federal habeas review. Therefore, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

UNITED STATES DISTRICT JUDGE

c: Robert R. Rau
   Counsel of Record